James B. **HEBERT**, Libellant,

v.

**D/S OVE SKOU** et al., Respondents,

v.

**SOUTHERN STEVEDORING & CONTRACTING COMPANY** et al., Impleaded Respondents.

No. 816.

United States District Court
E. D. Texas,
Beaumont Division.
Aug. 8, 1964.

278

Herman Wright, Mandell & Wright, Houston, Tex., for libellant.

B. D. McKinney, Baker, Botts, Shepherd & Coates, Houston, Tex., for respondent, D/S Ove Skou.

Mayo J. Thompson, Royston, Rayzor & Cook, Houston, Tex., for impleaded respondent, Southern Stevedoring & Contracting Company.

J. P. Forney, Eastham, Watson, Dale & Forney, Houston, Tex., for respondent, United Fruit Company.

S. G. Kolius, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., Louis Nelson, Strong, Pipkin, Strong & Nelson, Beaumont, Tex., for impleaded respondent, Port Arthur Stevedores Division of Port Arthur Shipping Corporation.

FISHER, District Judge.

Libellant, James J. Hebert, was an employee of the Impleaded Respondent, Port Arthur Shipping Corporation, and while in the course of his employment and engaged in unloading the M/V JETTYE SKOU, owned by the Respondent, D/S Ove Skou, was injured when a hatch board gave way and he partially fell into the hatch while said vessel was at Port Arthur, Texas.

The cover of the hatch had just been removed and Libellant was the first one on the hatch and was preparing to take the first or second board off of the hatch at the time of the accident. The hatch board was a part of the ship's equipment and had been placed on the hatch by Impleaded Respondent, Southern Stevedoring & Contracting Company, in their loading operation at Houston, Texas, prior to the accident.

Libellant sues the vessel owner, D/S Ove Skou, and the time charterer, United Fruit Company, claiming negligence because the hatch board was too short for its intended purpose; that this amounted to unseaworthiness of the vessel; and that such unseaworthiness was a proximate cause of the accident and injuries and damages to Libellant.

The respondent shipowner, D/S Ove Skou, impleaded Southern Stevedoring & Contracting Company and Port Arthur Shipping Corporation, seeking full indemnity from Southern Stevedoring & Contracting Company for a breach of implied warranty in the manner of handling and placing said short hatch board on the hatch; and against Port Arthur Shipping Corporation for a breach of implied warranty in the manner of handling and removing said short hatch board; both of said acts of negligence on the part of the stevedoring companies being a proximate cause of the injuries and damages to Libellant.

At the time of Libellant's injury, the M/V JETTYE SKOU was under time charter from Respondent, D/S Ove Skou, to Respondent, United Fruit Company. The time charter did not effect a demise of the vessel, and therefore United Fruit Company has no liability to longshoreman, James B. Hebert; further, Respondent, United Fruit Company, is not liable to the shipowner, D/S Ove Skou, but rather, is entitled to indemnity from

both Southern Stevedoring & Contracting Company and Port Arthur Shipping Corporation for attorneys' fees and expenses incurred in defense of said cause of action.

It is the position of Southern Stevedoring & Contracting Company that a latent defect was involved in connection with the short hatch board that caused Libellant's injury; that the shipowner's conduct precludes its right to indemnity in that the shipowner was in a better position to ascertain the condition of the hatch board, and permitted the continued existence of unseaworthy gear on its vessel, S/S JETTYE SKOU; further, that Southern Stevedoring & Contracting Company should be entitled to indemnity from Port Arthur Shipping Corporation because the negligent conduct of Port Arthur Shipping Corporation is a new, independent and intervening cause.

It is the position of Port Arthur Shipping Corporation that Respondent, D/S Ove Skou, is not entitled to recover full indemnity because of the unseaworthiness of the ship, in that, there was a breach of duty to furnish a reasonably safe ship to load and unload; further, it was not negligent and did not in any way fail to perform its stevedoring services with reasonable safety; further, Southern Stevedoring & Contracting Company has no claim for indemnity against Port Arthur Shipping Corporation because the employees of the former, in closing the hatch at Houston, Texas, were guilty of active negligence in knowingly placing the short hatch board on the hatch and in failing to warn, and because Port Arthur Shipping Corporation was the employer of Libellant and protected by Section 5 of the Longshoremen's and Harbor Workers' Compensation Act.

This cause of action came on for trial before the Court in Admiralty; the Libellant appeared in person and by his proctor, and the Respondents and Impleaded Respondents appeared by and through proctors, and testimony having been offered and briefs filed by all parties, and the Court having been fully advised in the premises, now makes and files its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

### I.

The M/V JETTYE SKOU is and was, at all times material hereto, owned by Respondent, D/S Ove Skou.

### II.

The M/V JETTYE SKOU was, at all times material hereto, under time charter to United Fruit Company in accordance with the charter party contract in evidence herein. There is no basis for liability of United Fruit Company to Libellant, James B. Hebert.

### III.

On February 29, 1960, while the M/V JETTYE SKOU was on navigable water in Port Arthur, Libellant, James B. Hebert, sustained an injury on the forecastle at Hatch No. 1 of the vessel, when he stepped on a short hatch board which gave way beneath him.

### IV.

The hatch board in question was a part of the ship's equipment and was too short to reach from the flange of one kingbeam to the flange of the other kingbeam.

### V.

██ The Respondent, D/S Ove Skou, failed to provide Libellant, James B. Hebert, a reasonably safe place to work because of the short hatch board supplied by said vessel for use at Hatch No. 1, and thus, the hatch board in question was not adequate for its intended purpose, rendering the M/V JETTYE SKOU unseaworthy, which contributed to cause the accident and injuries suffered by Libellant.

### VI.

The Respondent, D/S Ove Skou, impleaded Respondent, Southern Stevedoring & Contracting Company, who placed the short hatch board on Hatch No. 1, while performing stevedoring services aboard the M/V JETTYE SKOU in Houston, Texas; and also impleaded Re-

spondent, Port Arthur Shipping Corporation, a stevedoring company which was in the process of removing the hatch board at Port Arthur, Texas, at the time the accident occurred.

### VII.

Both Southern Stevedoring & Contracting Company and Port Arthur Shipping Corporation were acting under authority given them by United Fruit Company, the charterer of the vessel, M/V JETTYE SKOU, and each such stevedore had full control of the work and work space while it was working aboard the vessel.

### VIII.

Southern Stevedoring & Contracting Company, in placing the hatch board in question in the place where it was, and in not observing that it was short, failed to do its work in a safe and workmanlike manner, which contributed to cause the accident and injuries suffered by Libellant.

### IX.

Port Arthur Shipping Corporation, in removing the hatch board in question and in not observing that it was short, failed to do its work in a safe and workmanlike manner, which contributed to cause the accident and injuries suffered by Libellant.

### X.

Libellant negligently failed to keep a proper lookout for his safety, which contributed to cause his injuries by twenty (20%) per cent.

### XI.

As a result of his injuries, Libellant has sustained damages for loss of wages, pain and suffering of Twenty Thousand ($20,000.00) Dollars, to and including December 2, 1962, plus medical expenses in the sum of One Thousand One Hundred Twenty-one and 95/100 ($1,121.95) Dollars.

### XII.

In the future, Libellant will suffer damages for loss of wages, pain and suffering in the total sum of Thirty Thousand ($30,000.00) Dollars.

### XIII.

Respondent, D/S Ove Skou, created the unseaworthy condition of the vessel, M/V JETTYE SKOU, by equipping said vessel with a short hatch board and thus, contributed to cause the accident and injuries suffered by Libellant, and is entitled therefore to only fifty (50%) per cent indemnity from Southern Stevedoring & Contracting Company and Port Arthur Shipping Corporation in equal amount of twenty-five (25%) per cent each, based on their equal failure to perform their respective stevedoring work in a safe and workmanlike manner, which also contributed to cause the accident and injuries suffered by Libellant.

### XIV.

All stipulations in the pre-trial order are adopted and incorporated herein by reference.

## CONCLUSIONS OF LAW

### I.

■ Libellant is entitled to a decree in the amount of Forty-one Thousand One Hundred Twenty-one and 95/100 ($41,121.95) Dollars against Respondent, D/S Ove Skou, with interest at six (6%) per cent from date of judgment, out of which he is to repay Intervenor its lien.

### II.

Respondent, D/S Ove Skou, is entitled to judgment against Southern Stevedoring & Contracting Company and Port Arthur Shipping Corporation, jointly and severally, for fifty (50%) per cent indemnity of total judgment paid, including court costs.

### III.

Respondent and Impleaded Respondent, United Fruit Company, is entitled to judgment against Port Arthur Shipping Corporation and Southern Stevedoring & Contracting Company, jointly and severally, for its reasonable attorneys' fees and expenses, to be determined by the Court if not agreed upon by coun-

:sel within thirty (30) days from this ·date.

## IV.

Costs to be adjudged equally between Respondent, D/S Ove Skou, fifty (50%) per cent, and Southern Stevedoring & Contracting Company and Port Arthur Shipping Corporation, jointly, fifty (50%) per cent.